IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JARDINE, an individual, | ) Case Nos. 10-3335 SC, |
| | ) 10-3336 SC |
|     Plaintiff, | ) |
| | ) Related Cases: 10-3018 SC, |
|        v. | ) 10-3019 SC |
| | ) |
| MARYLAND CASUALTY COMPANY, a | ) |
| corporation, | ) ORDER DENYING ONEBEACON'S |
| | ) MOTIONS FOR SUMMARY JUDGMENT |
|     Defendant. | ) |
| _____ | ) |
| | ) |
| JAMES JARDINE, an individual, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|        v. | ) |
| | ) |
| ONEBEACON INSURANCE COMPANY, a | ) |
| corporation, | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |

**United States District Court**
For the Northern District of California

## I.   INTRODUCTION

Before the Court are four related actions in which Plaintiff James Jardine ("Plaintiff") brings claims against insurance companies Maryland Casualty Company ("Maryland") and OneBeacon Insurance Company ("OneBeacon") (collectively, "Defendants"). Case Number 10-3318 ("10-3318") involves Maryland's refusal to pay the policy amount after a wall in Plaintiff's property was allegedly damaged; Case Number 10-3319 ("10-3319") involves Maryland's

United States District Court
For the Northern District of California

1   refusal to pay after a fire damaged the same property.  Case

2   Numbers 10-3335 ("10-3335") and 10-3336 ("10-3336") concern

3   OneBeacon's refusal to pay out on a policy after the fire damage

4   occurred and the wall damage allegedly occurred, respectively.

5       Now OneBeacon moves for summary judgment in both 10-3335 and

6   10-3336; these Motions are fully briefed.  10-3335, ECF Nos. 30

7   ("10-3335 Mot."), 36 ("10-3335 Opp'n"), 41 ("10-3335 Reply"); 10-

8   3336, ECF Nos. 23 ("10-3336 Mot."), 30 ("10-3336 Opp'n"), 38 ("10-

9   3336 Reply").  Because these two Motions involve the same parties,

10  the same legal standard, and many of the same facts, the Court

11  addresses them jointly in this Order.  For the following reasons,

12  the Court DENIES OneBeacon's Motions.

13

14  **II.   BACKGROUND**

15      Unless otherwise noted, the following facts are not in dispute

16  between Plaintiff and OneBeacon.[1]  Plaintiff owned a multi-unit

17  commercial building located at 24800-24808 Mission Boulevard in

18  Hayward, California ("the Property").  10-3335 Mot. at 1; 10-3336

19  Opp'n at 4.

20      In May 2005, Plaintiff leased a portion of the Property to

21  Martha Chavez ("Chavez") and Luz Serna ("Serna"), who used it to

22  operate a business, Bridal & Beyond.  Def.'s RJN Ex. C ("Chavez

23  Stat. of Dec.") at 2.  The lease ran from May 15, 2005 to May 14,

24  _____

25  [1] The Court GRANTS Plaintiff's and OneBeacon's unopposed Requests
    for Judicial Notice.  10-3336 ECF Nos. 23 Ex. A ("Def.'s RJN"), 34

26  ("Pl.'s RJN").  Among the documents the parties seek judicial
    notice of are the Statement of Decision and trial briefs from

27  Jardine v. Chavez, No. HG08-366364 (Cal. Super. Ct. Feb. 19, 2009).
    While the underlying facts stated in these documents cannot be

28  judicially noticed under Rule 201(b) of the Federal Rules of
    Evidence, because Plaintiff is collaterally estopped from
    challenging them here, the Court accepts them as true.

**United States District Court**
For the Northern District of California

1   2007.  Id.  During their occupancy of the Property, Chavez and

2   Serna applied a plaster treatment to the Property's southern wall,

3   which was composed of painted cinder blocks.  Id.  This treatment

4   interacted negatively with the cement wall, causing structural

5   damage to it.  Id.

6       On October 28, 2006, Chavez and Serna sold their business and

7   assigned their lease to Raquel Pardo ("Pardo").  Id. at 3.  Around

8   this time, Plaintiff became aware of the wall damage.  Chavez Stat.

9   of Dec. at 4; 10-3336 Cook Decl. Ex. C ("Nov. 10, 2006 Letter").[2]

10  Pardo entered into a new lease with Plaintiff on April 25, 2007.

11  Chavez Stat. of Dec. at 3.  On May 15, 2007, OneBeacon issued an

12  insurance policy to Pardo that listed both Plaintiff and Pardo as

13  named insureds.  10-3336 Cook Decl. Ex. A ("OneBeacon Policy").

14      On June 13, 2007, a fire occurred in the Property, causing

15  damage.  10-3335 Mot. at 1.  Plaintiff tendered both his fire loss

16  and wall damage claims to OneBeacon on December 20, 2007.  10-3336

17  Cook Decl. Ex. B ("Dec. 20, 2007 Cl.").

18      In investigating the fire claim, OneBeacon reviewed the

19  Hayward Fire Department incident report, reports from the Hayward

20  Fire Prevention inspector and ABI Electric, a repair estimate

21  prepared by Plaintiff's consultant, and an inspection and cost

22  estimate prepared by Erik Quinn, a third party adjuster.  10-3335

23  Cook Decl. ¶ 11.  Plaintiff's consultant estimated the damages at

24  $34,423, plus the unestimated expense of "code upgrades" that might

25  be required by the city of Hayward.  10-3335 Cook Decl. Ex. D at

26  MCC 01645-46.

27  _____

    [2] Ronald Cook ("Cook"), counsel for OneBeacon, filed declarations
28  in support of both of OneBeacon's Motions.  10-3335, ECF No. 3-1
    ("10-3335 Cook Decl."); 10-3336, ECF No. 23-3 ("10-3336 Cook
    Decl.").

**United States District Court**
For the Northern District of California

1    Ronald Cook ("Cook"), OneBeacon's coverage counsel,

2    corresponded with and met with Plaintiff during this period.  Cook

3    claims that because the OneBeacon policy's coverage obligation is

4    limited when other insurance carriers cover the loss, he asked

5    Plaintiff to provide the identity of other carriers, and Plaintiff

6    "refused to cooperate."  10-3335 Cook Decl. ¶¶ 13-15.  Plaintiff

7    claims that Cook told him there were a number of policy exclusions

8    to his claim, that OneBeacon had limited exposure under the policy,

9    and that he should "accept whatever amount OneBeacon was willing to

10   pay."  Jardine Decl. ¶ 19.[3]

11   On January 16, 2008, Plaintiff commenced an action against

12   Chavez, Serna, and Pardo in Alameda County Superior Court.  ECF No.

13   23 ("Def.'s RJN") Ex. A ("Chavez Compl.").  Plaintiff brought

14   breach of contract, waste, and negligence causes of action against

15   Chavez, Serna, and Pardo for the damage to the wall.  Id.

16   Plaintiff's claims against Pardo were dismissed without prejudice.

17   Id.  Chavez and Serna appeared pro se.  Id.  After a bench trial,

18   judgment was entered in favor of Plaintiff and against Chavez and

19   Serna in the amount of $1,003,854.20 in damages.  Id. Ex. B

20   ("Chavez J.").

21   As to Plaintiff's fire loss claim with OneBeacon, Cook

22   negotiated a settlement with Plaintiff which was executed on April

23   2, 2008.  10-3335 Cook Decl. Ex. F ("Settlement Agreement").  Under

24   the Agreement, OneBeacon agreed to pay Plaintiff $39,781.25 for

25   repair and lost business in exchange for a release of any and all

26   claims against OneBeacon arising out of the fire loss.  Id. at 2.

27   Plaintiff and Cook exchanged several drafts of the Agreement, and

28   _____
[3] Plaintiff filed a declaration in opposition to OneBeacon's 10-3335 Motion.  ECF No. 37.

1  Plaintiff's modifications were ultimately agreed to by OneBeacon.

2  10-3335 Cook Decl. Ex. E.

3      As to the wall damage claim, on April 7, 2008, OneBeacon

4  denied the claim on the basis that the damage was visible and known

5  to both Pardo and Plaintiff as early as November 2006 when Pardo

6  assumed the lease -- before the OneBeacon policy incepted on May

7  15, 2007.  10-3336 Cook Decl. Ex. D ("Wall Damage Cl. Denial").

8  OneBeacon also denied Plaintiff's third-party claim against Pardo,

9  writing: "your policy does not permit liability claims against

10  property you own."  Id. at 2.

11      On May 5, 2009, Plaintiff commenced a second state court

12  action against Pardo with the same causes of action as the Chavez

13  action.  Def.'s RJN Ex. E ("Pardo Compl.").  After a bench trial,

14  Plaintiff ultimately received a judgment against Pardo in the

15  amount of $1,224,203.  Jardine v. Pardo, No. HG09-450634 (Cal.

16  Super. Ct. May 27, 2010).

17      On September 9, 2009, Plaintiff sold the Property to the City

18  of Hayward for $1.3 million for the construction of a public

19  improvement project; the Property was subsequently destroyed.

20  Silberstein Decl. Ex. F ("Sep. 10, 2009 Purchase Contract").

21      In March 2010, Plaintiff commenced these actions against

22  OneBeacon and Maryland in Alameda County Superior Court; Defendants

23  subsequently removed.  In 10-3335, Plaintiff alleges OneBeacon

24  committed fraud, breached the implied covenant of good faith and

25  fair dealing, and violated the Fair Claims Settlement Practices

26  Act, Cal. Ins. Code §§ 780.03 et seq., Cal. Code. Regs. §§ 2965.1,

27  et seq, when it settled Plaintiff's fire claim.  10-3335, ECF No. 1

28  Ex. A ("10-3335 Compl.")  Plaintiff alleges that OneBeacon falsely

United States District Court
For the Northern District of California

1  represented to him the policy's coverage limits, which induced

2  Plaintiff into signing the Settlement Agreement.  Id.  In 10-3336,

3  Plaintiff alleges OneBeacon breached its contract with Plaintiff,

4  breached the implied covenant of good faith and fair dealing, and

5  violated the Fair Claims Settlement Practices Act by refusing to

6  pay out on his claim for damage to the wall due to the plaster

7  treatment.  10-3336, ECF No. 1 Ex. A ("10-3336 Compl.").

8      In its 10-3335 Motion, OneBeacon argues that summary judgment

9  should be granted in its favor on Plaintiff's fire claim, alleging

10  that Plaintiff waived any related claims against OneBeacon when he

11  signed the Settlement Agreement; that Plaintiff failed to produce

12  evidence supporting his fraud and good faith claims; and that

13  Plaintiff's action is barred by California Civil Code Section 1542.

14  10-3335 Mot. at 5.  OneBeacon alternatively argues that Plaintiff

15  must place the Settlement Agreement proceeds in an escrow account

16  to pursue this action.

17      In its 10-3336 Motion, OneBeacon argues that summary judgment

18  in its favor on Plaintiff's wall damage claim is appropriate

19  because the deterioration of the wall had manifested and was known

20  to both named insureds -- Plaintiff and Pardo -- before the

21  inception of the OneBeacon policy.  10-3336 Mot. at 6.  OneBeacon

22  additionally argues that Plaintiff cannot bring a third-party claim

23  to enforce the judgment against Pardo because this claim was not

24  noticed in his Complaint, and because the text of the Policy

25  forbids it.  Id.

26  ///

27  ///

28  ///

6

**United States District Court**
For the Northern District of California

1    III. <u>LEGAL STANDARD</u>

2         Entry of summary judgment is proper "if the pleadings, the

3    discovery and disclosure materials on file, and any affidavits show

4    that there is no genuine issue as to any material fact and that the

5    movant is entitled to judgment as a matter of law."  Fed. R. Civ.

6    P. 56(c).  Summary judgment should be granted if the evidence would

7    require a directed verdict for the moving party.  <u>Anderson v.</u>

8    <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 251 (1986).  Thus, "Rule 56(c)

9    mandates the entry of summary judgment . . . against a party who

10   fails to make a showing sufficient to establish the existence of an

11   element essential to that party's case, and on which that party

12   will bear the burden of proof at trial."  <u>Celotex Corp. v. Catrett</u>,

13   477 U.S. 317, 322 (1986).  "The evidence of the non-movant is to be

14   believed, and all justifiable inferences are to be drawn in his

15   favor."  <u>Anderson</u>, 477 U.S. at 255.

16

17   IV.  <u>DISCUSSION</u>

18        A.   <u>OneBeacon's 10-3335 Motion</u>

19        OneBeacon alleges that Plaintiff waived all related claims

20   against OneBeacon when he signed the Settlement Agreement, and thus

21   summary judgment in its favor is appropriate on all of Plaintiff's

22   10-3335 claims.  OneBeacon additionally argues that Plaintiff has

23   failed to produce evidence supporting his fraud claim and that

24   Plaintiff's action is barred by California Civil Code Section 1542.

25   Alternatively, OneBeacon argues that Plaintiff must place the

26   $39,781.25 paid in settlement funds in escrow pending the outcome

27   of this action.

28        OneBeacon first argues that all of Plaintiff's 10-3335 claims

are barred through Plaintiff's signing of the Settlement Agreement.
10-3335 Mot. at 4.  Under the Settlement Agreement, Plaintiff
released "any and all claims, demands, and causes of action"
against OneBeacon with regard to the June 13, 2007 fire.
Settlement Agreement § 5.  OneBeacon alleges that this Agreement
was negotiated between Cook and Plaintiff at arms' length, that
Plaintiff had his attorney review the Agreement, and that the
Agreement was subject to multiple revisions.  10-3335 Mot. at 4-6.

In response, Plaintiff argues that the Settlement Agreement is
unenforceable due to OneBeacon's alleged fraud and breach of the
special duties that California imposes on insurance companies
attempting to settle claims.  10-3335 Opp'n at 8.  Specifically,
Plaintiff cites sections 790.03(h)(7) and (13) of California's
Insurance Code.  Subsection (h)(7) defines as an unfair method of
competition and an unfair and/or deceptive act the general business
practice of "[a]ttempting to settle a claim by an insured for less
than the amount to which a reasonable person would have believed he
or she was entitled by reference to written or printed advertising
material accompanying or made part of an application."  Subsection
(h)(13) similarly defines as an unfair and/or deceptive act
"[f]ailing to provide promptly a reasonable explanation of the
basis relied on in the insurance policy, in relation to the facts
or applicable law, for the denial of a claim or for the offer of a
compromise settlement."

Plaintiff declares that after he submitted his fire claim, he
was contacted by Cook.  Jardine Decl. ¶ 15.  Plaintiff declares
that Cook told him it would be unnecessary to have a contractor
provide an estimate of the cost to repair the damage.  Id. ¶ 17.

He declares that he provided Cook with copies of the Pardo lease and his claim for unpaid rent. Id. ¶ 18. He declares that Cook represented to him that there were a number of policy exclusions that applied to his claim, that he was required by law to recover from Maryland, and that OneBeacon "had limited exposure under their policy and that I should accept whatever amount OneBeacon was willing to pay." Id. ¶ 19. Plaintiff declares that he told Cook that OneBeacon had acted in bad faith by not investigating the claim or verifying lost income, and Cook responded that OneBeacon was not obligated to do any further investigation. Id. ¶ 20. Plaintiff declares that Cook offered Plaintiff approximately $39,000, and Cook "did not fully explain how he arrived at that number." Id. ¶ 21. Plaintiff claims that Cook prepared the Settlement for him to sign, and that he signed it without having an attorney review it, declaring:

> I trusted Mr. Cook at the time. We did exchange various proposals back and forth prior to the final draft being prepared by Mr. Cook. During that process, I developed trust in Mr. Cook that he would be looking out for my interest. He represented that he was a specialist concerning insurance coverage and knew more than my business attorney would know concerning coverages under the OneBeacon policy. Based upon this, I did not have Mr. Cook fully explain the settlement agreement. Based upon all of these factors, I signed the Settlement Agreement without first obtaining legal advice. This is something I regret now.

Id. ¶ 24.

OneBeacon responds largely by bringing into issue Plaintiff's credibility, alleging that Plaintiff "is an experienced litigant and possesses extensive experience working in the insurance industry." 10-3335 Reply at 4. OneBeacon cites to Plaintiff's

9

United States District Court
For the Northern District of California

deposition testimony in which he estimates that he has testified in court "about a hundred" times.  Id. at 4; Silberstein Decl. Ex. A ("Jardine Dep.") 8:8-12.[4]  OneBeacon also alleges that "Jardine has worked in the insurance industry since obtaining his bachelor's degree in 1974, eventually owning and operating his own insurance agency."  10-3335 Reply at 4.

Because the Court may not make credibility determinations on a motion for summary judgment, OneBeacon's rebuttal is inappropriate. Plaintiff's sole evidence supporting his argument that the Settlement Agreement is unenforceable is his sworn declaration in which he claims he relied on Cook's allegations.  While threadbare, this is sufficient to overcome a motion for summary judgment. Therefore, the Court finds the existence of the Settlement Agreement does not bar this action.  In addition, if Plaintiff prevails on his fraud claim -- discussed below -- the Settlement Agreement would be rendered unenforceable.

OneBeacon's next argument in favor of summary judgment is that Plaintiff has not produced evidence supporting his fraud claim. 10-3335 Mot. at 7.  OneBeacon does not provide the elements of a fraud claim in its Motion.  They are: "(1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Ciccone v. URS Corp., 183 Cal. App. 3d 194, 200 (Ct. App. 1986). As OneBeacon has failed to provide these elements, it is not entirely clear which elements they claim are unsupported by evidence.  It appears that OneBeacon alleges that Plaintiff has

---

[4] Dawn Silberstein ("Silberstein"), counsel for OneBeacon, filed a declaration in support of OneBeacon's 10-3335 Motion.  ECF No. 30-5.

United States District Court
For the Northern District of California

1  failed to identify the alleged misrepresentation or to produce

2  evidence that a statement was made with the intent to defraud or

3  induce reliance, that Plaintiff's reliance was justified, or that

4  Plaintiff sustained damages as a consequence.  10-3335 Mot. at 8.

5       In response, Plaintiff cites to the Jardine Declaration,

6  alleging that it "explains the numerous misrepresentations made by

7  Mr. Cook that led to Jardine signing the settlement agreement."

8  10-3335 Opp'n at 13.  In this declaration, Plaintiff declares Cook

9  told him code upgrades were excluded from his policy, that Jardine

10 was required by law to recover from Maryland rather than OneBeacon,

11 and that OneBeacon had "limited exposure" under the policy.

12 Jardine Decl. ¶ 19.  OneBeacon's only response is to argue that no

13 code upgrades were actually made, that Plaintiff never acquired a

14 formal determination from the city as to what upgrades were legally

15 required, and as the building no longer exists, the code upgrades

16 will never be required.  10-3335 Reply.  OneBeacon does not address

17 the other alleged misrepresentations.  As such, the Court finds

18 that Plaintiff has submitted evidence creating a material issue of

19 fact as to the existence of a misrepresentation by Cook on behalf

20 of OneBeacon.  The Court also finds that Plaintiff has produced

21 sufficient evidence to create a factual issue as to whether

22 OneBeacon intended to defraud or induce reliance and as to whether

23 Plaintiff's reliance was justified.

24      OneBeacon argues that Plaintiff "has presented absolutely no

25 evidence that he was actually damaged by the alleged

26 misrepresentation."  10-3335 Reply at 3.  The Court finds no merit

27 in this argument -- it is clear from Plaintiff's documents that he

28 alleges the total loss caused by the fire to be $173,069, including

**United States District Court**
For the Northern District of California

1   lost rent in the amount of $79,200.  Jardine Decl. Ex. K.  If this

2   figure is correct, then Plaintiff's damages are the difference

3   between Plaintiff's covered losses and the settlement amount.

4        OneBeacon argues that Plaintiff waived his rights under

5   California Civil Code Section 1542 when he signed the Settlement

6   Agreement.  10-3335 MSJ at 10.  Section 1542 provides: "A general

7   release does not extend to claims which the creditor does not know

8   or suspect to exist in his or her favor at the time of executing

9   the release, which if known by him or her must have materially

10  affected his or her settlement with the debtor."  Cal. Civ. Code §

11  1542.  An insurer may require an insured to waive unknown claims as

12  part of a release agreement "provided that, prior to execution of

13  the release, the legal effect of the release is disclosed and fully

14  explained by the insurer to the claimant in writing."  10 Cal.

15  Code. Regs. § 2695.4(e)(2).  OneBeacon argues that because the

16  Settlement Agreement contains a provision in which Plaintiff waives

17  his rights under § 1542, all claims related to the fire -- whether

18  Plaintiff knew about them at the time or not -- should be waived.

19  10-3335 Mot. at. 11.

20       In response, Plaintiff argues that § 1542 merely "prevents one

21  party from having another party release claims that they are

22  unaware of without an express written provision that says that."

23  10-3335 Opp'n at 13.  Plaintiff argues that because he is

24  challenging the validity and enforceability of the Settlement, the

25  Settlement's § 1542 waiver provision is also being challenged.  Id.

26       The Court agrees with Plaintiff.  Plaintiff declares that he

27  signed the Agreement only after Cook, on behalf of OneBeacon,

28  misrepresented the scope of the coverage.  Such fraud, if proven,

**United States District Court**
For the Northern District of California

1    would render the Agreement unenforceable.

2        OneBeacon argues that Plaintiff's good faith and Fair Claims

3    Settlement Practices Act claims must fail.  10-3335 Mot. at 13.  A

4    good faith claim exists when "the insurer unreasonably and in bad

5    faith withholds payment of the claim of its insured."  <u>Gruenberg v.</u>

6    <u>Aetna Ins. Co.</u>, 9 Cal. 3d 566, 575 (1973).  OneBeacon argues that

7    Plaintiff must show more than a mistaken denial of coverage --

8    "rather the insured must show that the insurer acted unreasonably."

9    10-3555 Mot. at 14.

10        In response, Plaintiff alleges the following acts of bad

11   faith: "failing to provide adequate investigation, refusing to

12   approve a reasonable repair amount, misrepresenting the scope of

13   coverage, [and] failing to promptly and fairly resolve Plaintiff's

14   claim."  10-3555 Opp'n at 15.  Plaintiff's sole support for these

15   arguments is his declaration.  In it, Plaintiff declares that

16   OneBeacon did not perform a thorough investigation; that Cook

17   misrepresented to him that his policy did not cover code upgrades;

18   that Cook told Plaintiff that he was "required by law to recover

19   from Maryland Casualty" rather than OneBeacon; and that he did not

20   explain all of the benefits available to Plaintiff under the

21   policy.  <u>See</u> Jardine Decl.

22        In its Reply, OneBeacon does not deny Cook made these

23   statements; nor does it dispute that, if true, they would provide a

24   basis for Plaintiff's good faith claim.  The Court finds

25   Plaintiff's declaration -- while threadbare and self-serving -- to

26   be sufficient to create an issue of material fact precluding

27   summary judgment.

28        OneBeacon argues in the alternative that Plaintiff must place

**United States District Court**
For the Northern District of California

1   the $39,781.25 paid through the Settlement in an escrow account

2   pending resolution of this action.   10-3555 Mot. at 11.

3   OneBeacon argues: "Under California Civil Code Section 1691, as a

4   party seeking to rescind a contract, Jardine must give notice of

5   his intent to rescind and return or at least offer to return the

6   consideration paid under the contract."  Id. at 12.   Plaintiff

7   counters that under California Civil Code Section 1693, he is

8   entitled to file suit and delay restoration until judgment unless

9   the defendant suffers substantial prejudice.   10-3335 Opp'n at 14.

10  Plaintiff also argues that OneBeacon's argument is procedurally

11  improper, as "this is a Motion for Summary Judgment, not a motion

12  to establish an escrow account."  Id. at 14-15.

13      Section 1691 of California's Civil Code provides:

14          Subject to Section 1693, to effect a rescission
            a party to the contract must, promptly upon
15          discovering the facts which entitle him to
            rescind if he is free from duress, menace,
16          undue influence or disability and is aware of
            his right to rescind:

17
            (a) Give notice of rescission to the party as
18          to whom he rescinds; and

19          (b) Restore to the other party everything of
            value which he has received from him under the
20          contract or offer to restore the same upon
            condition that the other party do likewise,
21          unless the latter is unable or positively
            refuses to do so.

22

23  Cal. Civ. Code § 1691.

24      Section 1693, in turn, provides:

25          A party who has received benefits by reason of
            a contract that is subject to rescission and
26          who in an action or proceeding seeks relief
            based upon rescission shall not be denied
27          relief because of a delay in restoring or in
            tendering restoration of such benefits before
28          judgment unless such delay has been
            substantially prejudicial to the other party;

1          but the court may make a tender of restoration
2          a condition of its judgment.

3  Cal. Civ. Code § 1693.

4      OneBeacon does not respond to Plaintiff's counterarguments in

5  its Reply.  Given that there has been no assertion -- much less a

6  showing -- that Plaintiff's delay in returning the Settlement funds

7  has substantially prejudiced OneBeacon, the Court finds for

8  Plaintiff on this issue.[5]

9      For the above reasons, the Court DENIES OneBeacon's Motion for

10  Summary Judgment in Case Number 10-3335.

11      **B.    OneBeacon's 10-3336 Motion**

12      OneBeacon argues that summary judgment should be granted in

13  its favor on all of Plaintiff's 10-3336 claims.  OneBeacon cites

14  California's "loss-in-progress" rule, which provides: "[I]nsurers

15  whose policy terms commence after initial manifestation of the loss

16  are not responsible for any claim relating to the previously

17  discovered and manifested loss." Prudential-LMI Com. Ins. v.

18  Super. Ct., 51 Cal. 3d 674, 699 (1990).  OneBeacon alleges that on

19  May 15, 2007, the time the OneBeacon policy incepted, the damage to

20  the cement wall block on the Property had occurred and was known to

21  both named insureds, Pardo and Plaintiff.  10-3336 Mot. at 2.  As

22  evidence that Plaintiff knew of the damage, OneBeacon cites to the

23  pleadings filed and judgment entered in suits to recover the costs

24  of the wall damage brought in state court by Plaintiff against

25  Chavez, Serna, and Pardo.  Id. at 3.  These documents show that as

26  early as November 2006, Plaintiff was aware of the damage to the

27  _____

28  [5] The Court also agrees with Plaintiff that moving for the
establishment of an escrow account in two paragraphs within a
Motion for Summary Judgment is procedurally improper.

United States District Court
For the Northern District of California

1  wall and had spoken with Pardo about the damage.  OneBeacon claims

2  that Cook's April 7, 2008 denial of Plaintiff's wall damage claim

3  was based on the fact that the damage occurred and was known to

4  Plaintiff seven months before the inception of the OneBeacon

5  policy.  Id. at 4.

6       In response, Plaintiff argues that the damaged wall is

7  actually three separate walls separated by internal walls.  10-3336

8  Opp'n at 11-12.  Plaintiff claims that no damage manifested on the

9  front section of the wall until after the OneBeacon policy

10 incepted, and cites the declaration of a structural engineer,

11 William Jones ("Jones").  ECF No. 31.  Jones declares that he

12 inspected the Property before it was demolished, and he opines that

13 damage to the front section of the wall manifested "later than the

14 rear and middle sections as a result of the numerous coats of paint

15 on the exterior of the front section."  Id.

16      Plaintiff cites Tomaselli v. Transamerica Ins. Co., 25 Cal.

17 App. 4th 1269, 1279 (Ct. App. 1994), for the proposition that

18 determining when appreciable damage manifests is a factual matter

19 for the trier of fact.  The Court finds that the parties agree that

20 the damage to the back two sections manifested before the OneBeacon

21 Policy incepted, and thus Plaintiff cannot recover under the policy

22 for damage to the back two sections of the wall.  However, factual

23 issues preclude summary judgment as to the front section of the

24 wall.  Accordingly, the Court DENIES OneBeacon's Motion for Summary

25 Judgment as to Plaintiff's first-party 10-3336 claim.

26      OneBeacon additionally argues that to the extent Plaintiff

27 makes a claim for third-party coverage against Pardo, summary

28 judgment should be granted because the claim is not properly before

**United States District Court**
For the Northern District of California

the Court.  10-3336 Reply at 5.  OneBeacon argues: "The complaint filed by Jardine in this action does not allege a cause of action for enforcement of the judgment against Pardo under California Insurance Code Section 11580(b)(2), nor does it allege facts sufficient to put OneBeacon on notice that such a claim might potentially exist."  Id.

The Court agrees with OneBeacon that Plaintiff has not pleaded a claim for third-party coverage against Pardo to enforce his judgment against her in the Pardo action.  The suit against Pardo is not even mentioned in Plaintiff's 10-3336 Complaint.  Because this claim may be salvageable through the filing of an amended complaint, the Court DENIES OneBeacon's motion for summary judgment.  However, given that Plaintiff undoubtedly knew of this claim when he filed this action, Plaintiff faces a high burden under Rule 15(a) of the Federal Rules of Civil Procedure in establishing that "justice so requires" the Court to grant him leave to amend his complaint at this late stage in the proceedings.

**V.    CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant OneBeacon Insurance Company's Motions for Summary Judgment in Case Numbers 10-3335 and 10-3336.


IT IS SO ORDERED.


Dated: April 27, 2011

UNITED STATES DISTRICT JUDGE